[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14710
Non-Argument Calendar
_____

D.C. Docket Nos. 1:17-cv-20468-JEM,
1:12-cr-20757-JEM-3

CHRISTIAN COLOMA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee,

ATTORNEY RONALD GAINOR, et al.,

Intervenors.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 23, 2020)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Christian Coloma is a federal prisoner serving a 144-month sentence for one count of conspiracy to defraud the United States and to pay and receive kickbacks in connection with a federal healthcare benefit program, in violation of 18 U.S.C. § 371, and five counts of payment of kickbacks in connection with a federal healthcare benefit program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A).  He appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. Coloma argues that the government violated his Fifth and Sixth Amendment rights when it obtained duplicate copies of his attorney work product from a government contracted copying service.  For the following reasons, we affirm.

In reviewing a district court's denial of a § 2255 motion to vacate, we review de novo the court's legal conclusions and review for clear error the court's factual findings.  *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc).

The Fifth Amendment guarantees the right against the deprivation of "life, liberty, or property, without due process of law."  U.S. Const. amend. V.  To constitute a violation of the Fifth Amendment due process clause, the alleged violation "must be so outrageous that it is fundamentally unfair and shocking to the universal sense of justice."  *United States v. Ofshe*, 817 F.2d 1508, 1516 (11th Cir.

2

1987) (internal quotation mark omitted).  "[T]he totality of the circumstances must be considered with no single factor controlling" when determining whether such conduct exists, and "[t]he defense is to be invoked only in the rarest and most outrageous of circumstances."  *Id.* (internal quotation marks omitted).  Even if the behavior constituted a violation of the Fifth Amendment due process clause, reversal is only warranted if the defendant demonstrates that the violation resulted in prejudice (or, if applicable, the substantial threat of prejudice).  *See United States v. Morrison*, 449 U.S. 361, 365–66 (1981).

The Sixth Amendment guarantees anyone accused of a crime the right to assistance of counsel.  U.S. Const. amend. VI.  An alleged Sixth Amendment violation must have had (or threatened) "some adverse effect upon the effectiveness of counsel's representation or . . . produced some other prejudice to the defense" to warrant "imposing a remedy."  *Morrison*, 449 U.S. at 365.

Here, assuming without deciding that counsel's selection and/or compilation of documents during discovery from government-produced documents constituted privileged attorney work product under Federal Rule of Criminal Procedure 16(b)(2),[1] Coloma still has not established a violation of his Fifth Amendment right to due process or Sixth Amendment right to assistance of counsel.  This is

---

[1] It does not appear that we or the Supreme Court have addressed this specific issue, but we need not reach it to decide this appeal.

because he has failed to show that the government's alleged receipt of his counsel's work product was outrageous or prejudicial to him.  In the face of substantial inculpatory evidence presented at trial by 23 witnesses, at best, he offers nothing but speculation and conclusory assertions to suggest how the government's possession of this information harmed him.  For the alleged Fifth Amendment violation specifically, he circularly argues that "the Government prejudiced [him] and rendered his defense counsel ineffective by obtaining duplicate copies of the defense team's work product."  Accordingly, the district court did not err when it denied Coloma's § 2255 motion, and we affirm.

**AFFIRMED.**